# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN A. ROBERSON, JR., | CASE NO. 1:10-cv-02362-LJO-SKO PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| DIRECTOR OF CORRECTIONS, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

## Screening Order

**I.  Screening Standard**

Plaintiff Sean A. Roberson, Jr., a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 20, 2010. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's

allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim for relief, Plaintiff must set forth factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

## II.   Plaintiff's Claims

### A.   Summary of Allegations

Plaintiff alleges that on October 11, 2010, he transferred from North Kern State Prison to the Security Housing Unit at California State Prison-Corcoran, where he was informed by Defendant Vogel that he would be placed in a holding cage to sleep.[1] Plaintiff alleges that he was housed in the holding cage for seventy-two hours, in violation of his rights under the Eighth Amendment. Plaintiff alleges that the cage was so small he could not walk around or exercise, he had to sleep on the floor, and there was no toilet or sink, which resulted in the use of a milk carton as a toilet at night because guards were not available to take him to the restroom. Plaintiff further alleges that there was hair in the cage from inmates' haircuts, and he was "bombarded" at night by insects and mice from nearby food preparation activities. (Doc. 1, Comp., 6:12.)

In addition to Defendant Vogel, Plaintiff names California Department of Corrections Director Matthew L. Cate, Warden R. Lopez, and Sergeant M. Mason as defendants.

### B.   Holding Cage Conditions

The Eighth Amendment protects prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal

---

[1] Plaintiff filed this action approximately two months after the incident at issue and he alleges that his inmate appeal was granted in full at the first level of review. While the Court may not inquire further into the issue on screening, Plaintiff is cautioned that if the Court later determines that he failed to exhaust the available administrative remedies before he filed suit, this action will be dismissed. Jones v. Bock, 549 U.S. 199, 216, 127 S.Ct. 910, 921 (2007); Lira v. Herrrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

2

civilized measure of life's necessities are sufficiently grave to form the basis of a violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with deliberate indifference to a substantial risk of serious harm. Frost, 152 F.3d at 1128. The deliberate indifference standard involves an objective and a subjective prong. First, the deprivation must be, objectively, sufficiently serious. Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994) (quotation marks omitted). Second, the prison official must know of and disregard an excessive risk to inmate health or safety. Farmer, 511 U.S. at 837 (quotation marks omitted).

Assuming, on screening, that the conditions of the cell were sufficiently grave to satisfy the objective element of an Eighth Amendment claim, Plaintiff's claim fails on the subjective element. Plaintiff's claim must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant was personally liable for the misconduct alleged. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted). While a probability requirement may not be imposed, the sheer possibility a defendant acted unlawfully is not sufficient, and mere consistency with liability stops short of meeting the plausibility standard. Id. (quotation marks omitted). While Defendant Vogel is vaguely linked to Plaintiff's placement in the holding cage since he told Plaintiff he was being placed there, there are insufficient facts to support a claim that he knew Plaintiff would be denied access to a toilet overnight and that the cage was infested with bugs and rodents at night.[2]

The linkage to the other defendants is even more attenuated. Although Plaintiff asserts that Defendants Cate and Lopez implemented or approved the policy which allowed the incident to occur and Defendant Mason was involved in placing him in the cage, his allegations are merely conclusions. Plaintiff may not seek to impose liability on Defendants Cate and Lopez based on their positions of authority, and his complaint is devoid of any facts supporting a plausible claim that

---

[2] Neither the deprivation of exercise nor the lack of a bunk for seventy-two hours is sufficiently grave to violate the Constitution. Johnson v. Lewis, 217 F.3d 726, 731-32 (9th Cir. 2000). Only the denial of access to a toilet and the exposure to a bug and rodent infestation are potentially of constitutional magnitude.

3

either defendant was personally involved in actions or omissions which led to the conditions at issue in this suit. Iqbal, 556 U.S. at __, 129 S.Ct. at 1948-49; Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011). Likewise, Defendant Mason's involvement is unclear. Plaintiff alleges only that he and Defendant Vogel placed Plaintiff in the cell, and that they falsified documents. These allegations fall short of demonstrating that Defendants Cate, Lopez, and Mason knowingly disregarded a substantial risk of harm to Plaintiff's health or safety. Farmer, 511 U.S. at 837; Johnson v. Lewis, 217 F.3d 726, 733 (9th Cir. 2000).

### III.    Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to amend to cure the deficiencies in his claim. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at __, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may

be granted under section 1983;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   December 12, 2011            /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE